UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  06-10096 |
| | ) | |
| REV BLAKES, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION IN LIMINE**
(403 and 404(b) Evidence)

Now comes the Defendant, REV BLAKES, by his attorney, KARL W. BRYNING, and

pursuant to Rules 403 and 404(b), Fed.R.Evid., moves this Court for the entry of an Order

barring the Government from introducing testimony regarding alleged prior bad acts including

possession of a  weapon or drug possession or distribution on an occasion other than the date

charged. In support, defendant states as follows:

Now comes the Defendant, REV BLAKES, by his attorney, and pursuant to Rules 104(a),

403, and 404(b), Fed.R.Evid., moves this Court for the entry of an Order barring the Government

from introducing any evidence or testimony at the trial of this cause as to the Defendant's alleged

possession of weapons, drugs or drug paraphernalia on unspecified dates prior to the date of the

alleged offense and  in support thereof, states as follows:

1.      That the Defendant is charged in this cause in a two Count bill of indictment with

the offenses of knowing possession of 5 or more grams of a substance containing cocaine base

(crack)with intent to distribute in violation of Title 21 United States Code, Section 841(a)(1) and

(b)(1)(B) and unlawful possession of a firearm by a convicted felon in violation of Title 18

United States Code, Section 922(g).

2.    That the Defendant and his counsel have reason to believe that the Government will seek to elicit testimony at the trial of this cause that the Defendant possessed weapons and/or possessed and or sold drugs on unspecified dates prior to the date of the alleged offense on November 4, 2006.

3.    That Rule 404(b), Fed.R.Evid., which governs the admission of "other crimes" evidence, states that evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

4.    That the admissibility of "other crimes" evidence under Rule 404(b) requires the district court to analyze the proffered evidence under the following four-part test: a) whether the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; b) whether the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; c) whether the evidence is sufficient to support a jury finding that the defendant committed the similar act; and d) whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. United States v. Zapata, 871 F.2d 616, 620 (7th Cir. 1989); United States v. Monzon, 869 F.2d 338, 344 (7th Cir. 1989); United States v. Shackleford, 738 F.2d 776 (7th Cir. 1984).

5.    That in determining the admissibility of "other crimes" evidence under this test, the district court must engage in a "principled exercise of discretion" and "must identify the exception that applies to the evidence in question and evaluate whether the evidence, although relevant and within the exception, is sufficiently probative to make tolerable the risk that jurors

will act on the basis of emotion or an inference via the blackening of the defendant's character."

United States v. Beasley, 809 F.2d 1273, 1279 (7th Cir. 1989).

6.    That in the case at bar, evidence that the Defendant allegedly possessed drugs or weapons on unspecified dates prior to November 4, 2006 is not relevant to proving any fact in issue other than the defendant's propensity to commit the crime charged.  As the Seventh Circuit has recognized, "The inquiry [into previous criminal acts] is not rejected because character is irrelevant; on the contrary, it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge."  United States v. Wright, 901 F.2d 68, 70 (7th Cir. 1990), quoting Michaelson v. United States, 335 U.S. 469, 475-76, 69 S.Ct. 213, 218, 93 L.Ed. 168 (1948).

Moreover, such evidence is not sufficiently similar to the alleged offense and is too remote in time to warrant its admissibility under Rule 404(b).  United States v. Wright, 901 F.2d 68, 70 (7th Cir. 1990); United States v. Gometz, 879 F.2d 256, 259-60 (7th Cir. 1989)(error to admit evidence of inmate's assault on prison guard that occurred 3 years prior to alleged offense); United States v. Hudson, 843 F.2d 1062, 1066 (7th Cir. 1988)(reversible error to admit evidence of other bank larcenies); United States v. Beasley, 809 F.2d 1273 (7th Cir. 1987)(error to admit evidence of dissimilar drug dealing); United States v. Bramble, 641 F.2d 681 (9th Cir. 1981)(error to admit evidence of prior conviction for possession of marijuana for purpose of showing propensity to sell cocaine);  United States v. Davis, 657 F.2d 637, 639 (4th Cir. 1981)(error to admit evidence of prior drug sales 6-11 years before date of alleged conspiracy).

Finally, the probative value of such evidence of Defendant's "other crimes" is substantially outweighed by the real danger of unfair prejudice it will have on the jury.  United States v. Hudson, 843 F.2d at 1066; United States v. Swiatek, 819 F.2d 721, 727 (7th Cir. 1987).

7.    That the government's use of evidence of the Defendant's "other crimes" will deprive the Defendant of his right to due process of law and a fair trial.

WHEREFORE, Defendant respectfully requests the entry of an Order barring the Government from introducing any evidence or testimony at the trial of this cause as to the Defendant's alleged possession  or sale of drugs or weapons on unspecified dates prior to the date of the alleged offense.

REV BLAKES, Defendant

s/ Karl W. Bryning
Attorney for Defendant
Assistant Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: 309/671-7891
FAX: 309/671-7898
Email: karl_bryning@fd.org

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 8, 2007, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system which will send notification of such filing to the

following: Mr. Bradley Murphy, Assistant United States Attorney, One Technology Plaza, 211

Fulton Street, Suite 400, Peoria, Illinois 61602.

<u>s/ Karl W. Bryning</u>
Attorney for Defendant
Assistant Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: 309/671-7891
FAX: 309/671-7898
Email: karl_bryning@fd.org