**E-FILED**
Monday, 08 January, 2007  02:00:15 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  06-10096 |
| | ) | |
| REV BLAKES, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION IN LIMINE**
(Defendant's Prior Convictions)

Now comes the Defendant REV BLAKES, by his attorney KARL W. BRYNING, and

pursuant to Rules 104 and 609, Fed.R.Evid., moves this Court for the entry of an order barring the

Government from introducing any evidence of defendant's prior felony convictions to impeach his

credibility should he elect to testify at trial, or in the alternative, barring the Government from

referring to or mentioning the name or nature of any of defendant's prior felony convictions to

impeach his credibility.  In support, defendant states as follows:

1.      Defendant is charged in this cause in a two Count bill of indictment with the offenses

of knowing possession of 5 or more grams of a substance containing cocaine base (crack)with intent

to distribute in violation of Title 21 United States Code, Section 841(a)(1) and (b)(1)(B) and

unlawful possession of a firearm by a convicted felon in violation of Title 18 United States Code,

Section 922(g).

2.      Defendant and his counsel have reason to believe that if defendant elects to testify

at the trial of this cause, the Government will seek to introduce evidence of his prior convictions for

the purpose of impeaching his credibility under Rule 609(a), Fed.R.Evid.

3.    The United States Probation Department lists Mr. Blakes as having been convicted of the following felony offense: October 3, 2006; Unlawful possession of controlled substance, Peoria County Case Number 05 CF 1070; pending sentence and various misdemeanor offenses;

4.    Rule 609(a)(1), Fed.R.Evid. states in pertinent part, that a defendant's prior felony conviction shall be admissible to impeach a defendant's testimony only "if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect to the accused."

5.    Furthermore, Rule 609(b) states that evidence of a conviction more than ten years old is not admissible "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."

6.    In weighing the probative value of such evidence against its prejudicial effect, a district court must consider the following five factors: a) the impeachment value of the prior crime; b) the point in time of the conviction and the witness' subsequent history; c) the similarity between the past and present crime; d) the importance of the defendant's testimony; and e) the centrality of the credibility issue in the trial. United States v. Mahone, 537 F.2d 922, 929 (7th Cir. 1976); United States v. Galati, 230 F.3d 254, 262 (7th Cir. 2000). In United States v. Beahm, 664 F.2d 414, 418-19 (4th Cir. 1981), the Fourth Circuit provided the following commentary concerning cases such as this where the defendant's prior convictions are of a similar nature to that for which the defendant is on trial:

> Admission of evidence of a similar offense often does little to impeach the credibility of a testifying defendant while undoubtably prejudicing him. The jury, despite limiting instructions, can hardly avoid drawing the inference that the past conviction suggests some probability that defendant committed the similar offense for which he

2

is currently charged. The generally accepted view, therefore, is that evidence of similar offenses for impeachment purposes under Rule 609 should be admitted sparingly if at all.  See <u>United States v. Mahone</u>, 537 F.2d 922, 929 (7th Cir.), <u>cert</u>. <u>denied</u>, 429 U.S. 1025 (1976); <u>Gordon v. United States</u>, 383 F.2d 936, 940 (D.C.Cir. 1967), <u>cert</u>. <u>denied</u>, 390 U.S. 1029 (1968). Where, as here, the offense sought to be admitted against defendant had little bearing on his propensity to tell the truth, the district court should have recognized that thesubstantial likelihood of prejudice outweighed the minimal impeachment value of the evidence, and refused to admit the evidence, <u>United States v. Pucu</u>, 453 F.2d 539, 542-44 2nd Cir 1971), or at the very least limited disclosure to the fact of conviction without revealing its nature. <u>United Statesv. Wilson</u>, 556 F.2d 1177, 1178 (4th Cir. 1977); <u>United States</u>

---

7.      In today's political and social climate where the "war on drugs" is being waged on all fronts, the substantial prejudice that inherently flows from evidence of defendant's prior drug convictions far outweighs any probative value that such convictions may have for impeachment purposes.  Moreover, the similarity of the alleged offenses with that of the Defendant's prior convictions poses the enormous risk that a limiting instruction will not adequately safeguard the Defendant's right to fair trial, and that the jury will, in fact, consider that evidence for the improper purpose as proof that the Defendant has a propensity to commit such criminal acts.  Finally, defendant's testimony is critical to his defense that he did not knowingly possess the weapon or drugs as charged.  As related by one of the most distinguished commentators in the law of federal evidence:

> One important consideration is what the effect will be if the defendant does not testify out of fear of being prejudiced because of impeachment by prior convictions. Even though a judge might find that the prior convictions are relevant to credibility and the risk of prejudice to the defendant does not warrant their exclusion, he might nevertheless conclude that it is more important that the jury have the benefit of the defendant's version of the case than to have the defendant remain silent out of fear of impeachment.

<u>Weinstein's Evidence</u>, Sec. 609(3) at 609-38 (quoting <u>Gordon v. United States</u>, 383 F.2d 936, 940 (D.C.Cir. 1967), <u>cert</u>. <u>denied</u>, 390 U.S. 1029 (1968).  It is entirely possible that defendant's ability

to testify will determine the outcome of this case; if so, this Court should weigh the balance in favor of defendant and bar the Government from using any evidence of his prior felony convictions to impeach his trial testimony, or, in the alternative, barring the Government from referring to or mentioning the name or nature of any of defendant's prior felony convictions to impeach his trial testimony.

WHEREFORE, Defendant requests the entry of an order barring the Government from introducing any evidence of defendant's prior felony conviction to impeach his credibility should he elect to testify at trial, or in the alternative, barring the Government from referring to or mentioning the name or nature of any of defendant's prior felony convictions to impeach his credibility.

REV BLAKES, Defendant

RICHARD H. PARSONS
Chief Federal Public Defender


BY: s/Karl W. Bryning

KARL W. BRYNING
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: (309)671-7891

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on January 8, 2007, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system which will send notification of such filing to the following: Mr.

Bradley Murphy, Assistant United States Attorney, One Technology Plaza, 211 Fulton Street, Suite

400, Peoria, Illinois 61602.

<u>s/ Karl W. Bryning</u>
Attorney for Defendant
Assistant Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: 309/671-7891
FAX: 309/671-7898
Email: karl_bryning@fd.org