C. Unless the Court directs otherwise, the government intends to disclose all <u>Brady</u> material one (1) week before trial. This is more than sufficient time to enable the defendant to make use of any benefits of the evidence. <u>See</u>, <u>e.g.</u>, <u>United States v. Sweeney</u>, 688 F.2d 1131, 1141 (7th Cir. 1982) (one-week disclosure prior to trial was sufficient and noting that "<u>Brady</u> does not require pre-trial disclosure of the materials"); <u>United States v. Zambrana</u>, 841 F.2d 1320, 1340 (7th Cir. 1988) (disclosure of <u>Brady</u> material just prior to commencement of trial did not violate due process); <u>Allain</u>, 671 F.2d at 254-55 (no <u>Brady</u> violation where evidence disclosed on day before trial began).

Therefore, given the government's acknowledgment of its <u>Brady</u> obligation and its stated intention to disclose such evidence one week prior to trial, the defendant's motion should be denied as moot. <u>See</u>, <u>e.g.</u>, <u>United States v. Alex</u>, 791 F.Supp. 723, 729 (N.D. Ill. 1992); (government's promise to comply with <u>Brady</u> rendered defendant's motion moot); <u>United States v. Dominquez</u>, 131 F.R.D. 556, 559 (N.D. Ill. 1990).

   II.   **Motion for Rule 16 Discovery**

A. Fed.R.Crim.P. 16(a)(1)(A), (B), (D), (E), and (F) requires the government to provide, at defendant's request, the substance of any relevant oral, written or recorded statements of the defendant, the prior criminal record of the defendant, and to permit the defendant to inspect physical evidence and any reports of physical, mental or scientific examinations within the government's control. <u>United States v. Paiz</u>, 905 F.2d 1014, 1026 (7th Cir. 1990); <u>United States v. Sanders</u>, 893 F.2d 133, 137 (7th Cir. 1990). The duty of disclosure is a continuing one. 905 F.2d at 1026. As to the defendant's motion for discovery pursuant to Rule 16, the government has provided, pursuant to the "liberal" discovery policy of the United States