**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Criminal No. 06-10096 |
| REV I. BLAKES, | ) ) ) | |
| Defendant. | ) | |

**GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT**
**BLAKE'S PRETRIAL MOTIONS**

Now comes the United States of America by Rodger A. Heaton, United States Attorney, and Bradley W. Murphy, Assistant United States Attorney, for the Central District of Illinois, and respectfully submits the following consolidated response to defendant Blake's pretrial motions.

**I.    Motion for Production of Brady Materials**

A.  In his motion, the defendant seeks the entry of an Order directing the government to make inquiry and disclose to the defense prior to trial all documents, materials and information that contain Brady material.  Under Brady, "the government must disclose evidence favorable to the defendant that, if suppressed, would deprive the accused of a fair trial." United States v. Beverly, 913 F.2d 337, 349 (7th Cir. 1990) (citing Brady).  "This duty extends to exculpatory evidence and to evidence that might be used to impeach the government's witnesses."  Id.  However, "Brady does not grant criminal defendants unfettered access to government files."  United States v. Phillips, 854 F.2d 173, 177 (7th Cir. 1988).  "A due process

1

standard which is satisfied by mere speculation would convert Brady into a discovery device and impose an undue burden upon the district court." United States v. Navarro, 737 F.2d 625, 631 (7th Cir.), cert. denied, 469 U.S. 1020 (1984).  Thus, a defendant is not entitled to review all of the government's files in search of exculpatory material.  Rather, "counsel must be satisfied with the representations of the prosecutor, fortified by judicial inspection in close cases." United States v. Danovaro, 877 F.2d 583, 589 (7th Cir. 1989).

      B.  In this case, the defendant has submitted what appears to be a form-request, four pages in length, for any document that might conceivably contain Brady material.  The short answer to the defendant's request is that the government is aware of and fully intends to comply with its obligations under Brady.  The government is aware of an exculpatory statement of Iza Blakes, which was provided recently by the defendant.  No other exculpatory or potential impeachment evidence is known to the government.  The majority of the documents the defendant seeks to review simply do not exist.  The question, then, is not if disclosure is required but when.  Well-settled and controlling Seventh Circuit authority holds that "there is nothing in Brady or [United States v. Agurs, 427 U.S. 97 (1976),] to require that such disclosures be made before trial . . ." United States v. Allain, 671 F.2d 248, 255 (7th Cir. 1982) (quotation omitted).  Rather, "the standard to be applied in determining whether delay in disclosure violates due process is whether the delay prevented defendant from receiving a fair trial." Id. at 254-55.  "As long as ultimate disclosure is made before it is too late for the defendant to make use of any benefits of the evidence, Due Process is satisfied." United States v. Ziperstein, 601 F.2d 281, 291 (7th Cir. 1979), cert. denied, 444 U.S. 1031 (1980).

C. Unless the Court directs otherwise, the government intends to disclose all Brady material one (1) week before trial. This is more than sufficient time to enable the defendant to make use of any benefits of the evidence. See, e.g., United States v. Sweeney, 688 F.2d 1131, 1141 (7th Cir. 1982) (one-week disclosure prior to trial was sufficient and noting that "Brady does not require pre-trial disclosure of the materials"); United States v. Zambrana, 841 F.2d 1320, 1340 (7th Cir. 1988) (disclosure of Brady material just prior to commencement of trial did not violate due process); Allain, 671 F.2d at 254-55 (no Brady violation where evidence disclosed on day before trial began).

Therefore, given the government's acknowledgment of its Brady obligation and its stated intention to disclose such evidence one week prior to trial, the defendant's motion should be denied as moot. See, e.g., United States v. Alex, 791 F.Supp. 723, 729 (N.D. Ill. 1992); (government's promise to comply with Brady rendered defendant's motion moot); United States v. Dominquez, 131 F.R.D. 556, 559 (N.D. Ill. 1990).

**II.     Motion for Rule 16 Discovery**

A. Fed.R.Crim.P. 16(a)(1)(A), (B), (D), (E), and (F) requires the government to provide, at defendant's request, the substance of any relevant oral, written or recorded statements of the defendant, the prior criminal record of the defendant, and to permit the defendant to inspect physical evidence and any reports of physical, mental or scientific examinations within the government's control. United States v. Paiz, 905 F.2d 1014, 1026 (7th Cir. 1990); United States v. Sanders, 893 F.2d 133, 137 (7th Cir. 1990). The duty of disclosure is a continuing one. 905 F.2d at 1026. As to the defendant's motion for discovery pursuant to Rule 16, the government has provided, pursuant to the "liberal" discovery policy of the United States

3

Attorney's Office, all such information in the government's possession and control. The government requests that the Court deny the defense Motion for Rule 16 Discovery as moot.

        B. Fed.R.Crim.P. 16(a)(1)(G) requires the government to provide, at defendant's request, a written summary of the expert testimony that it intends to use during its case-in-chief. That summary must "describe the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications." United States v. Duvall, 272 F.3d 825, 828 (7th Cir. 2001). As to defense motion relating to disclosure of expert testimony, the government will file a Notice of Expert Witness Testimony on or before January 22, 2007. Therefore, the government requests that the Court deny the defense Motion for Rule 16 Discovery of expert witness testimony as moot.

**III.  Defendant's Motion in Limine (Rule 404(b)) Evidence**

        A. The defendant makes a blanket motion to exclude evidence "that the Defendant allegedly possessed drugs or weapons on unspecified dates prior to November 4, 2006 . . ." Fed.R.Evid. 404(b) provides for the admission of "other crimes" evidence if the evidence:

    1.)    is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged;

    2.)    shows that the other act is similar enough and close enough in time to be relevant to the matter in issue;

    3.)    is sufficient to support a jury finding that the defendant committed the similar act;

    4.)    has probative value that is not substantially outweighed by the danger of unfair prejudice.

See U.S. v. Gibson, 170 F.3d 673 (7th Cir. 1999), U.S. v. Hernandez, 84 F.3d 931 (7th Cir. 1996), U.S. v. McCarthur, 6 F.3d 1270 (7th Cir. 1993), U.S. v. Davis, 838 F.2d 909 (7th Cir. 1988), U.S. v. Poole, 207 F.3d 893 (7th Cir. 2000).

  B. One of the elements for the charge in Count 1 is the "intent to distribute." Rule 404(b) specifically permits the use of other crimes, wrongs, or acts in order to establish the defendant's intent. See United States v. Gellene, 182 F.3d 578, 595 (7th Cir. 1999)(where the crime requires specific intent, the defendant's intent is automatically an issue in the case and subject to proof through Rule 404(b) evidence).

  C. The government hereby gives notice of its intent to present the following 404(b) evidence:

    1.) On September 6, 2002, the defendant, Rev Blakes, was arrested after he was searched and found in possession of 9 grams of crack cocaine by Peoria County deputies.

    2.) On September 28, 2005, the defendant, Rev Blakes, was arrested after 5.7 grams of crack cocaine was removed from his left hand by Peoria Police Officers.

**IV.** **Defendant's Motion in Limine (Prior Convictions)**

  A. The defendant is charged with the offense of possession of a firearm by a felon in violation of 18 U.S.C. §922(g). One element to be proven is that the defendant had a prior felony conviction. The Supreme Court has ruled that evidence of a prior felony conviction used to support a charge under 18 U.S.C. §922(g) should not be heard by the jury where the

defendant offers to stipulate to the existence of such conviction.  <u>Old Chief v. United States</u>, 519 U.S. 172, 191 (1997).  The government will tender such a stipulation in its case-in-chief.

    B. The defendant, however, moves to exclude any reference to the defendant's conviction as if he chooses to testify.  Rule 609(b) requires this Court to weigh the probative value of the conviction and determine whether it outweighs any prejudicial effect to the accused.  Fed.R.Evid. 609(a)(1).  The factors that should be considered are set out in <u>United States v. Mahone</u>, 537 F.2d 922, 929 (7th Cir. 1976).

    C. By choosing to testify, the defendant puts his credibility at issue.  The jury has a right under the law to hear that any witness, whether it is the defendant or not, has a felony record that is or can be considered to be impeaching.  <u>See United States v. Toney</u>, 27 F.3d 1245, 1253 (7th Cir. 1994).  The government will consent to a limiting instruction to ensure that the prejudicial impact is minimal.

    **V.** **<u>Motion in Limine Regarding Search or Arrest Warrants</u>**

    A. The defendant requests this Court to bar the government from introducing evidence at trial relating to any search or arrest warrants "other than that issued for failure to appear in a traffic matter."

    B. The government agrees that, in its case-in-chief, it will only present evidence that the defendant was arrested on an outstanding warrant for failure to appear on a

charge of driving on a revoked license.

                              Respectfully submitted,

                              UNITED STATES OF AMERICA

                              RODGER A. HEATON
                              UNITED STATES ATTORNEY

                              **s/:  Bradley W. Murphy**
                              Bradley W. Murphy
                              Assistant United States Attorney
                              One Technology Plaza
                              211 Fulton, Suite 400
                              Peoria, Illinois 61602
                              Telephone: (309) 671-7050

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent a copy to: Karl Bryning, Assistant Federal Public Defender.

  s/: Kim Ritthaler
Legal Assistant