## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Gen. No. 06-10096 |
| | ) |
| REV I. BLAKES, | ) |
| | ) |
| Defendant. | ) |

### MOTION IN LIMINE
### REGARDING STATEMENT OF UNAVAILABLE WITNESS

Now comes the Defendant, REV I. BLAKES, by his attorney, KARL W. BRYNING, and pursuant to Federal Rule of Evidence 804(b)(3) (Hearsay Exceptions; Declarant Unavailable) and *Chambers v. Mississippi*, 410 U.S. 284 (1973) moves that this Court enter an Order admitting the videotaped statement of Izza Blakes made on December 15, 2006:

1. On January 18, 2007, subpoena was issued pursuant to Rule 17(b) for Izza Blakes and other witnesses.

2. On January 22, 2007, Assistant United States Attorney, Bradley Murphy, informed counsel that he had credible information that Izza Blakes was located at the Veteran's Administration Hospital in Danville, Illinois (VA) and that Mike McFatridge, Esq., Legal Counsel for the VA, would accept a subpoena by facsimile for service upon Izza Blakes.

3. On January 22, 2007 counsel spoke with Mr. McFatridge and confirmed that he would cause Izza Blakes to be served if he was within the VA.

4.  On January 23, 2007 a second subpoena was issued for Izza Blakes. Counsel forwarded this subpoena to Mr.McFatridge and was later informed by McFatridge that he was unable to cause Izza Blakes to be served.

5.  The last known address of Izza Blakes appears vacant and abandoned.

6.  The whereabouts of Izza Blakes are currently unknown.

7.  The United States Marshall Service,VA, and counsel have been unable to locate Izza Blakes or to procure his attendance by process or other reasonable means.

8.  It appears that Izza Blakes will be absent as a witness for trial in this cause, scheduled for Monday, January 29, 2007.

9.  Federal Rule of Evidence 804(b)(3) provides as follows:

    **(b) Hearsay exceptions.** The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

    *****

    **(3) Statement against interest.** A statement which was at the time of its making...so far tended to subject the declarant to civil or criminal liability,...that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

10. Under Fed.R.Evid. 804(b)(3), the proponent of the out-of-court statement must demonstrate that the declarant is unavailable to testify and that the statement is against the declarant's penal interest. *Unites States v. Nagib*, 56 F.3d 798, 804 (7th Cir. 1995)

    The second sentence of Rule 804(b)(3) expressly requires the exclusion of out-of-court statements offered to exculpate the accused unless there are corroborating

circumstances which buttress the trustworthiness of the statement. *United States v. Williams*, 738 F.2d 172, 178 (7th Cir. 1984); *United States v. Silverstein*, 732 F.2d 1338, 1346 (7th Cir. 1984)

In *United State v. Garcia*, 986 F.2d 1135, 1140 (7th Cir. 1993), the court identified the following factors to be considered when determining whether corroborating circumstances exist for the purposes of Rule 804(b)(3)

> First, a district court must look to the relationship between the confessing party and the exculpatory party. Second, the court must consider whether the confessor made a voluntary statement after being advised of his Miranda rights. Third, the court must determine whether there is any evidence that the statement was made in order to curry favor with the authorities.

Furthermore, of particular significance in this case, this Court expressly recognized in *Garcia* that:

> Rule 804(b)(3) does not require that the statements themselves be clearly corroborated. Rather, the rule requires "corroborating circumstances that clearly indicate the trustworthiness of the statements." Moreover, the corroboration requirement of 804(b)(3) is a preliminary question as to the admissibility of evidence, not an ultimate determination as to the weight to be given such evidence. The district judge does not need to be completely convinced that the exculpatory statements are true prior to their admission. Such a high burden was not intended by the corroboration requirement of 804(b)(3). This district court must find only that sufficient circumstances exist and then permit the jury to make the ultimate determination concerning the truth of the statements.

*Garcia*, 986 F.2d at 1141.

In *Garcia*, the court held that it was reversible error for the district court to refuse admission of a co-defendant's statements exculpating the defendant under Rule 804(b)(3),

where corroborating circumstances clearly indicated the trustworthiness of the unavailable co-defendant's statements that the marijuana found in the sleeper area of the cab of a truck was his, and that the driver had no knowledge of it. *Garcia*, 986 F.2d at 1141.

Also, in *United States v. Nagib*, 56 F.3d 798, 804-805 (7th Cir. 1995), the court held that it was reversible error for the district court to deny admission of a co-defendant's statements made during a plea hearing which tended to exculpate the defendant of criminal involvement in shipping a package of LSD, because such statements were admissible under Rule 804(b)(3) as declarations against penal interest.

In this case, unless Izza Blakes is present at trial, it cannot be disputed that he is unavailable as a witness. Furthermore, Izza Blakes, video recorded statement is clearly against his penal interest and would tend to expose him to criminal liability and is exculpatory as to Rev Blakes because it accounts for the drugs and gun that were found in the residence of Izza Blakes. Finally, with respect to the corroborating circumstances which indicate trustworthiness of the statement, the statment was video taped, made a relatively short time after the alleged offense and after having been admonished of potential criminal consequences and his right to speak with an attorney and is further corroborated by the fact that Izza Blakes was apparently the sole tenant of the location where all of the contraband was located.

Wherefore, Defendant respectfully requests that this Court pursuant to Federal Rule of Evidence 804(b)(3) and *Chambers v. Mississippi*, 410 U.S. 284 (1973) enter an

Order admitting as evidence the videotaped statement of Izza Blakes made on December 15, 2006 at trial in this cause.

        REV I. BLAKES, Defendant

        RICHARD H. PARSONS
        Federal Public Defender

        BY:    s/ Karl W. Bryning

               Karl W. Bryning
               Assistant Federal Public Defender
               Attorney for Defendant
               401 Main Street, Suite 1500
               Peoria, Illinois 61602
               Phone: 309/671-7891
               FAX: 309/671-7898
               Email: karl_bryning@fd.org

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on January 17, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Mr. Bradley Murphy, One Technology Plaza, 211 Fulton Street, Suite 400, Peoria, Illinois 61602

                                       <u>s/ Karl W. Bryning</u>

                                       Karl W. Bryning
                                       Assistant Federal Public Defender
                                       Attorney for Defendant
                                       401 Main Street, Suite 1500
                                       Peoria, Illinois 61602
                                       Phone: 309/671-7891
                                       FAX: 309/671-7898
                                       Email: karl_bryning@fd.org