IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| )  Plaintiff, ) | |
| v. )  | Case No. 06-10096 |
| )  REV I. BLAKES, ) | |
| )  Defendant. ) | |

**RESPONSE TO DEFENDANT'S MOTION IN LIMINE**

1. The government was provided with a tape recorded statement of Iza Blakes by the defense in discovery.

2. The government has received a pleading in which the defendant claims that Iza Blakes is unavailable for trial and asks this Court to admit the videotaped statement into evidence at the trial pursuant to Fed.R.Evid. 804(b)(3). Out of court statements are generally inadmissible because they are presumed to be unreliable. *United States v. Hooks*, 848 F.2d 785, 796 (7th Cir. 1988). Under the three part test set forth in *United States v. Garcia*, 897 F.2d 1413, 1420 (7th Cir. 1990) for determining the admissibility of a statement under Rule 804(b)(3), a court must find that, (1) the declarant's statement was against the penal interest of the declarant, (2) corroborating circumstances exist indicating the trustworthiness of the statement, and (3) the declarant must be unavailable. *See United States v. Moore*, 936 F.2d 1508, 1516 (7th Cir. 1991)(internal quotations omitted).

3. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement. Fed.R.Evid. 804(b)(3). The burden is on the defendant to demonstrate the existence of corroborating circumstances. *United States v. Amerson*, 185 F.3d 676, 685 (7th Cir. 1999).

4. Relationship of the parties: One factor that courts look at is the relationship of the parties. *See United States v. Silverstein*, 732 F.2d 1338, 1346 (7th Cir. 1984)(concluding that it was likely that the confessor was fabricating his story for the benefit of a friend). Here, Iza Blakes (the confessor) is the father of the defendant, Rev Blakes.

5. Motive to lie: One critical factor is whether the hearsay declarant "had a motive to lie that calls the trustworthiness of the statements into question." *United States v. Guinan*, 836 F.2d 350, 356 (7th Cir. 1988)(analyzing former Rule 804(b)(5), now Rule 807). Iza Blakes stated that he had just talked to his son prior to his statement. This admission raises the possibility that the defendant requested his father to make this statement. It should also be noted that Iza Blakes did not go to the police and confess, where his statement could have resulted in his arrest. Iza Blakes had a motive to assist his son, Rev Blakes, and, at the same time, make a "safe" confession.

6. Clearly sufficient corroboration: Iza Blakes' statement is lacking in corroboration in two important ways. First, it contradicts statements he made to the police on November 4, 2006, when he told officers that he knew nothing about the drugs or the gun they had found in his house. This prior inconsistent statement certainly calls Iza Blakes credibility into question. See Fed.R.Crim.P. 613. Second, his statement to

the defense counsel is inaccurate as to certain critical details. Mr. Blakes claims to have placed the drugs in a boot, yet the drugs were found lying on a closet floor. This is a major discrepancy, tending to discredit his statement. *See Amerson*, 185 F.2d at 682-83. A statement that incriminates the declarant and exculpates the defendant is particularly "suspect." *Silverstein*, 732 F.2d at 1346. *Silverstein* contains facts which are close to the instant case, in that a fellow inmate confessed to the murder for which the defendant Silverstein was on trial. *Id.* at 1343. The district court rejected the fellow inmate's confession because the fact that the inmate was out of his cell at the time (and thus available to have committed the murder) was not <u>clear</u> corroboration of his confession. *Id.* at 1347. Here the fact that the drugs (and gun) were located in Iza Blakes' house is likewise not clear corroboration for his confession. It merely shows that Iza Blakes was available to have possessed the items. It shows no more than mere consistency with his confession, which, as Silverstein points out, is <u>not</u> the clear corroboration required by Rule 804(b)(3). *Id.*

    7.    The character of the witness for truthfulness and honesty: One factor that should be considered by the Court in assessing the trustworthiness of hearsay testimony is the character of the witness for truthfulness and honesty, and the availability of evidence on the issue. *See United States v. Doerr*, 886 F.2d 944, 956 (7th Cir. 1989)(analyzing former Rule 804(b)(5), now Rule 807). Iza Blakes is a 53 year old man who has several felony convictions, the most recent of which were for Deceptive Practices and Obstructing Justice. Additionally, he concedes that he is a crack "head" who is addicted to crack cocaine. As an addict, his statements and motives are highly suspect. *See United States v. Taylor*, 72 F.3d 533, 544 (7th Cir.

1995)(courts should carefully scrutinize the statements of drug addicts).

8. The defendant has not shown either that Iza Blakes is unavailable, or that the defense has used due diligence to secure his attendance. The defense has known about the confession since December 15, 2006, but has not subpoenaed him nor have they asked this Court to issue a warrant as a material witness for him. Until they do so, it can only be inferred that the defense would rather not have him present, which is not acceptable. The government would move for the issuance of a material witness warrant if the defense refuses to do so.

WHEREFORE, the United States requests this Court to deny the admission of the tape recorded statement of Iza Ray Blakes and to limit any comment by defense counsel to the jury about the statement.

Respectfully submitted,

UNITED STATES OF AMERICA

RODGER A. HEATON
UNITED STATES ATTORNEY


s/: Bradley W. Murphy
Bradley W. Murphy
Assistant United States Attorney
One Technology Plaza
211 Fulton Street, 4th Floor
Peoria, Illinois 61602
Telephone: 309.671.7050

## CERTIFICATE OF SERVICE

I hereby certify that on **January 25, 2007**, I electronically filed the government's **Motion in Limine** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Karl Bryning, Assistant Federal Public Defender.

s/: Kim Ritthaler  
**Legal Assistant**
