IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

FILED
MAR 6 - 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 06-10096 |
| REV I. BLAKES, | ) |
| Defendant. | ) |

**PLEA AGREEMENT AND STIPULATION OF FACTS**

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Bradley W. Murphy, Assistant United States Attorney, and the defendant, Rev I. Blakes, personally and by the defendant's attorney, L. Lee Smith, hereby enter into this plea agreement.

1.     This document contains the complete and only plea agreement between the United States Attorney for the Central District of Illinois and the defendant. This agreement supersedes and replaces any and all prior formal and informal, written and oral, express and implied, plea agreements between the parties. No other agreement, understanding, promise, or condition between the United States Attorney for the Central District of Illinois and the defendant exists,

except as set forth in this plea agreement.

2. This plea agreement is binding only upon the United States Attorney for the Central District of Illinois and the defendant. It does not bind any United States Attorney outside the Central District of Illinois, nor does it bind any state or local prosecutor. In addition, the plea agreement does not bind the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury.

3. This agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and therefore if the Court does not accept the agreement of the parties as to the appropriate disposition, the defendant does have the right to withdraw his plea of guilty.

## CHARGE(S), ELEMENTS, AND PENALTIES

4. The defendant will plead guilty to Count 3 of the Superseding Indictment, in which the defendant is charged with Possession of Cocaine Base (Crack) with Intent to Distribute, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B).

5. The defendant has read the charge to which the defendant is pleading guilty, and the charge has been explained to the defendant by the defendant's attorney. Furthermore, the defendant fully understands the nature and elements of the crime to which the defendant is pleading guilty. To sustain

the charge of Possession of Cocaine Base (Crack) with Intent to Distribute, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B), the United States must prove the following propositions beyond a reasonable doubt: Possession of cocaine base (crack) with intent to distribute.

    Elements:    1.    The defendant knowingly or intentionally possessed cocaine base (crack);

                    2.    The defendant possessed cocaine base (crack) with the intent to distribute it;

                    3.    The defendant knew the substance was a controlled substance; and

                    4.    The cocaine base (crack) weighed more than 5 grams.

6.    The defendant understands and agrees that the offense to which he shall plead guilty carries the following potential penalties:

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), this count carries a mandatory minimum sentence of five (5) years and a maximum sentence of forty (40) years imprisonment. This count also carries a maximum fine of $2,000,000 and a special assessment of $100.00. This count also carries a special mandatory supervised release term of at least four (4) years and up to any number of years including life. Pursuant to Federal Rule of Criminal Procedure

11(c)(1)(C), the parties agree that the appropriate term of imprisonment is 96 months.

7. The defendant further understands that upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may be imprisoned for all or part of the supervised release period without credit for time previously served.

8. The defendant understands and agrees that the Court may be required to order the defendant to pay restitution. The parties to this agreement have not reached a determination on the issue of restitution. Restitution may include the cost of incarceration and supervision. The parties acknowledge that the Court may order restitution in whatever amount it deems proper.

## STATUTORY AND APPEAL WAIVERS

### Waiver of Right of Appeal from Conviction and Sentence

9. The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea

agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement, unless otherwise stated in this paragraph.

### Waiver of Right to Collateral Attack

10.     The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that

the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

## THE UNITED STATES ATTORNEY'S OBLIGATIONS

11. The United States agrees if this Court accepts the plea agreement, that at the time of sentencing it will move to dismiss the remaining counts of the Superseding Indictment. The defendant acknowledges that the counts the United States agrees to dismiss were brought in good faith and not for any vexatious or frivolous reason on the part of the United States.

12. The United States Attorney for the Central District of Illinois agrees to bring no additional criminal charges in the Central District of Illinois against the defendant relating to or arising from the offenses charged in this Superseding Indictment, except for any crime of violence and any crime unknown to the

United States Attorney for the Central District of Illinois prior to the time this plea agreement is signed by the parties.

## FACTUAL BASIS

13.    The defendant will plead guilty because the defendant is in fact guilty of the charge in Count 3 of the Indictment. In pleading guilty to that charge, the defendant stipulates to and admits to the following facts:

On September 6, 2002 at approximately 9:11 P.M., Deputies Scott Gamboe and Rob Williams of the Peoria County Sheriff's Department observed a green 2002 Lincoln Town Car with Missouri registration 710KWK exit the parking lot of the Shar Inn, 3615 W. Harmon Highway, Peoria and turn eastbound onto Harmon Highway. The Shar Inn is a well known/established hangout for area drug dealers. Deputies followed the vehicle and observed it swerve into the turn lane without signaling for a lane change. Deputy Gamboe activated his emergency red lights on his police vehicle in an attempt to initiate a traffic stop. The vehicle continued eastbound on Harmon Highway turning left onto Martin Luther King Drive. The vehicle continued at about 20 MPH for approximately one half mile before stopping. Once the vehicle had stopped, Deputy Gamboe approached the vehicle and obtained identification from all occupants of the vehicle. The driver was identified as INDIA STEWART. A backseat passenger, seated behind the driver, appeared very nervous and had trouble remembering

his full name and date of birth. He was later identified as Rev Blakes.

Deputy Williams smelled what appeared to be an alcoholic beverage coming from within the vehicle. When asked if the vehicle could be searched, INDIA STEWART gave officers permission. All occupants were removed from the vehicle and officer safety patdowns were conducted on each. While patting down OMAR BLAKES, Deputy Gamboe asked and received consent to check his shoes. In the right shoe an ID card and Social Security Card issued to REV BLAKES was found. REV BLAKES had an active Peoria County Warrant for Driving Suspended. REV BLAKES was placed under arrest for the warrant.

While deputies continued with the search of the vehicle, Deputy Breitbarth had occasion to speak with INDIA STEWART's five year old son JERYAN STEWART. During their conversation Deputy Breitbarth asked JERYAN STEWART if anyone had given him anything to hold and JERYAN STEWART replied no. When asked if there were drugs on anyone else, JERYAN STEWART replied that REV BLAKES had some cocaine in his underwear. Deputy Breitbarth along with Deputy Buckley had REV BLAKES step out of the car. Deputy Breitbarth looked inside the front and rear of BLAKES' pants and underwear. Deputy Breitbarth could see clear plastic baggie material sticking out of BLAKES' buttocks. Deputy Breitbarth proceeded to pull out two clear plastic

baggies each containing an off white rock like substance. When asked about the crack cocaine REV BLAKES stated it was his.

The crack cocaine was field tested and did test positive for cocaine. Total weight with packaging was 11.2 grams. The cocaine was subsequently transported to the Illinois State Police Crime Lab in Morton for analysis. On 09/26/02 results from the crime lab were received with a result of 9 grams cocaine base (Crack).

## WAIVER OF CONSTITUTIONAL RIGHTS

14.    The defendant understands that by pleading guilty the defendant surrenders the following rights, among others:

   a.    The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

   b.    The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The

defendant could also ask for a trial by the Judge instead of a trial by a jury.

    c.    The right to the assistance of counsel. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if the court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant.

    d.    The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

    e.    The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

14.    The defendant understands that by pleading guilty the defendant is

waiving all the rights set forth in the prior paragraphs. The defendant's attorney has explained to the defendant those rights and the consequences of the waiver of those rights.

**AGREED:**

**Defendant's Attorney:**

15. I have discussed this plea agreement fully with my client, and I am satisfied that my client fully understands its contents and terms. No threats, promises, or representations have been made, nor agreements reached, express or implied, to induce my client to plead guilty other than those stated in this written Plea Agreement. I have reviewed with my client United States Sentencing Guidelines Sections 1B1.3 and 1B1.4 (relevant conduct).

Date: 3-6-07        s/Defense Counsel
                    L. LEE SMITH
                    Attorney for Rev I. Blakes

**Defendant:**

16. I have read this entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand this Agreement, and I agree to it voluntarily and of my own free will. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this Agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me

11

or to anyone else, and no agreements have been reached, expressed or implied, to influence me to plead guilty other than those stated in this written Plea Agreement. I am satisfied with the legal services provided by my attorney. I understand that by signing below I am stating I agree with everything stated in this paragraph, and I am accepting and entering into this Plea Agreement.

Date: March 6, ~~2006~~ 2007

s/Defendant
REV I. BLAKES
Defendant

**United States:**

17. On behalf of the United States of America, I accept and agree to this Plea Agreement.

Date: 3/6/07

RODGER A. HEATON
UNITED STATES ATTORNEY

s/Asst. US Attorney
BRADLEY W. MURPHY
Assistant United States Attorney