E-FILED
Wednesday, 16 January, 2008 12:15:52 PM
Clerk, U.S. District Court, ILCD

FILED
JAN 16 2008

PAMELA E. ROBINSON, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA

| | |
|---|---|
| Mr. Rev Blakes #13056-026 )<br>Petitioner/Defendant )<br> )<br> )<br>vs. )<br> )<br> )<br>United States of America )<br>Respondents ) | Case No. 06-10096-DD1 |

"Motion for Reduction of Sentence"
Pursuant to 1B U.S.C. §3582(c)(2)

Background: defendant pleaded guilty to one count, pursuant to 21 U.S.C. Sections R41(a)(1) and R41(b)(1)(B), Possession of Cocaine Rase (crack) with Intent to Distribute 5 grams or more.

Mr. Rlakes asks that his Motion be conscrewed liberally and that he not be held to the same standards of an Attorney. See: Haines v. Kerner, 404 U.S. 519-520 92 S.Ct. 594, SQ5 30 L.Ed.2d 652 (1Q72).

This motion was made in good faith and is not to further delay this cause.

Please See: Misdemeanor exhibits attached.

| Dates | Criminal History | Case #06-10096-001 |
|---|---|---|
| 10-19-99 sentenced<br>11-22-99<br>Case No. 99-CM-34Ro | Obstructing Justice<br>sentenced to: 10 days day for<br>day credit did 5 days in jail. | 4A1.1 (c) 1 Pt. |
| 2-16-01<br>Case No. 01-CM-9B7 | Deceptive Practice<br>sentenced to: No time paid fine. | 4A1.2(c) 0 pt. |
| 6-20-01 sentenced<br>11-2R-01<br>Case No. 01-CM-1656 | Obstructing Justice<br>sentenced to: 30 days day for day credit did 15 jail days. | 4A1.1 (c) 1 pt. |
| 12-10-01<br>Case No. o1-TR-3B129 | Driving on Suspended License<br>sentenced to: 12 months conditional discharge probation. | 4A1.1 (c) 1 pt. |
| 11-10-04<br>Case No. o4-DT-756 | D.U.I.<br>sentenced to: 12 months discharge probation. | 4A1.1(c) 1 pt. |
| 8-25-05<br>Case No. o5-CM-2213 | Cannabis Possession<br>sentenced to: 30 days day for day credit do 15 days in jail, 12 mo. discharge probation. | 4A1.1(c) 1 pt. |
| 8-25-05<br>Case No. 05-TR-2A132 | Driving on Suspended License<br>sentenced to: 30 days day for day credit did 15 days in jail. | 4A1.1 (b) 1 pt. |
| 9-28-05<br>Case No. o5-CF-107o | Possession of Controled Substance<br>sentenced to: 180 days day for day credit do 90 days in jail. 30 months probation. | 4A1.1 (b) 2 pt. |
| 10-11-05<br>sentenced 3-13-06<br>Case No. 05-TR-33474 | Driving on Suspended License<br>sentenced to: 30 days day for day credit do 15 days in jail. | 4A1.1 (c) 1 pt. |
| 4-11-06 sentenced<br>9-19-06<br>Case No. o6-TR-12561 | Driving with Revoked License<br>sentenced to: 44 days day for day credit do 22 days in jail. | 4A1.1 (c) 1 pt. |

2.

**Please Note:** The defendant committed the federal offense while on conditional discharge probation. Which added 2 points toward the defendant's criminal history points. But the prohation for case No. 01-TR-38129 never extended past a year. So according to Amendment 709 since the probation was not more than one year the 2 points should not count tOuJard the defendant's criminal history points.

**Please See:** November 1, 2007 Amendment (12) pertaining to the criminal history term of a sentence of probation more than one year before a point can be counted for the offense. §4A1.2(c)(1).

## Brief In Support

Defendant comes before this court seeking reduction of his prison sentence pursuant to 18 U.S.C. §3582(c)(2)(2oo7). He asks that this court give retroactive effect to Amendment (12) under U.S.S.G. §1B1.10(c) and reduce his current criminal history category from (IV) to criminal history category (III).

The Sentencing Commission has expressly designated Amendment (7IJ9) as one that may be applied retroactively U.S.S.G. §181.1o(c) p.s. (2007) November 1, 2on7. The district court makes two determinations in deciding whether or not to modify a sentence under 18 U.S.C. §35B2(c)(2). Under the first step the sentencing court considers what sentence it would have imposed had the new law been in effect at the time the defendant was sentenced U.S.S.G. §1 81 .1 (b) p.s. The district court determines what criminal history category it would have imposed had the new criminal history category had

3.

been the category at the time of the original sentencing, leaving untouched all other previous factual decisions concerning particularized sentencing factors, See: United States v. Wyatt, 115 F.3d fi06, 609 (8th Cir. 1997). Such factors include role in the offense, and see if some offenses were actually felonies or misdemeanors and acceptance of responsibility and or if the defendant actually did more than 30 days in jail on his/her misdemeanors which are not counted pursuant to November 1, 2007 Amendment (70Q) U.S.S.G. §4A1.2(b)(1)(A) regarding ("term of probation more than one year") was amended to provide that a misdemeanor/petty offense sentence for listed minor offenses will count if there is sentence of probation of greater than one year. Mr. Blakes seeks to cut out the inclusion of his misdemeanor offense which were counted because he had received one year of un-supervised probation and no jail time sentences. Please Note: That Amendment (709) will keep Mr. Blakes criminal history category low keeping himself as well as others safety valve elgible. Please See: Mr. Blakes P.S.I. for the listed misdemeanors in which he seeks removal of according to Amendment (7ng).

Accordingly the district court should simply determine the guideline range that would have applied in this defendant case had Amendment (70Q) been in effect, here the relevant guideline range would be (46-57) months, as opposed to the pre-Amendment's criminal history category range (R7) months range.

Having established the applicable Amendment guideline range,

4.

the court next considers the factors contained in 18 U.S.C. §3553(a) and in the exercise of its thus informed discretion decide whether or not to modify the original sentence previously imposed, See <u>Wyatt,</u> 115 F.3d at 609, 18 U.S.C. §3582(c)(2).

- (1). The factors set forth in §3553(a) are the following: the nature and circumstances of the offense and the history and characteristics of the defendant.
- (2). The need for the sentence imposed.
- (3). The kind of sentences available.
- (4). The applicable sentencing range under the guidelines, and
- (5). Any pertinent Sentencing Commission policy statement,
- (6). The need to avoid unwarranted sentence disparities among defendants.
- (7). The need to provide restitution to victims U.S.C. §3553(a).

Put more succinctly the statute requires the sentence imposed to be minimally sufficient to satisfy concerns of retribution, general deterrence and rehabilitation.

**Please Note:** Mr. Blakes was sentenced June 8, 2007 less than one year of Amendment (709) that went into effect November 1, 2007.

In conclusion, the defendant respectfully requests that this court grant his Motion pursuant to the 3582(c)(2) Motion for Reduction of Sentence pursuant to 18 U.S.C. §3582(c)(2).

Dated: This 8th day of January 2008.

Respectfully submitted,

*Rev Blakes*
Rev Blakes #13056-026

5.

## Certificate of Service

I, Rev Blakes, hereby certify that the above and foregoing Motion pursuant to 35R2(c)(2) was duly served and mailed pursuant to 1746 declaration, and filed by placing same in a sealed postage pre-paid envelope on this Rth day of January 200A, within the Federal Institutional legal mailbox and a true copy was mailed to all parties below:

To: United States District Court
Central District of Illinois
Peoria
U.S. Courthouse
100 I\I.E. Monroe
Peoria, IL. fi1602

To: Rodger A. Heaton or Bradley W. Murphy
U.S. Attorney and Asst. U.S. Attorney
One Technology Plaza
Suite 400
211 Fulton St.
Peoria, IL. 61fi02

Respectfully submitted,

*Rev Blakes*

6.