E-FILED
Wednesday, 23 January, 2008  09:48:42 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| REV BLAKES #13056-026, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 06-10096-001 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **O R D E R**

Petitioner has filed two motions labeled "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" (Doc. 46 and 47).  Both motions seek relief under 18 U.S.C. § 3582(c)(2) for a sentence reduction as a result of retroactive amendment of the Sentencing Guidelines Manual pursuant to U.S.S.G. § 1B1.10.  The request for a reduction based upon the amendment of the crack cocaine guideline Amendment 706 (Doc. 47) is premature and will be held in abeyance until after March 3, 2008, when that amendment becomes effective.

The basis for the other motion (Doc. 46) is the amendment of § 4A1.2(c)(1) of the Sentencing Guidelines (Amendment 706) to provide that in computing criminal history sentences for certain listed misdemeanors and petty offenses, including driving on a suspended license, are counted "only if  (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days. . ."  In his Presentence Report, Defendant was assigned 1 criminal history point for a conviction on December 10, 2001, for Driving on a Suspended License in Case No. 01TR-38129 for which he was sentenced to 12 months conditional discharge (a form of probation).  Since the applicable guideline has now been amended to preclude any points for such convictions unless the term of probation exceeds one year, Petitioner wishes to have his criminal history score recomputed and reduced by the one point assigned to that traffic offense which would have the effect of reducing his criminal history category from IV to III.

Apparently, Petitioner assumes that he is entitled to retroactive benefit of this amendment to § 4A1.2(c)(1) pursuant to U.S.S.G. § 1B10 which provides as follows:

> (a)    Where a defendant is serving a term of imprisonment and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

Unfortunately for petitioner, his assumption is wrong; he is not entitled to the retroactive benefits of this guideline change since this amendment to § 4A1.2(c)(1) (Amendment 709) is not one of the amendments listed in § 1B1.10(c) as having retroactive effect.

For the above reasons, the petition for a reduction in his sentence due to the Amendment of U.S.S.G. § 4A1.2(c)(1) is denied.

ENTERED this __22nd__ day of January, 2008.

                                                 s/Joe B. McDade
                                                 JOE BILLY McDADE
                                             United States District Judge