## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.06-10096 |
| ) | |
| REV I. BLAKES, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Defendant's "Response" (Doc. 50) to the January 23, 2008, Order denying retroactive application of Amendment (709) to U.S.S.G. § 1B1.10 (Doc. 46) is construed by the Court as a motion for reconsideration.  The gist of the motion is Defendant's belief that clarifying amendments to the commentary associated with a particular sentencing guideline have retroactive effect even when it is not listed in U.S.S.G. § 1B1.10(c).  He relies upon cases from other circuits typified by the Eleventh Circuit case United States v. Anderton, 136 F.3d 747 (11th Cir. 1998).  His reliance on Anderton is misplaced.  The holding of that case is simply that a clarifying amendment of the commentary to a guideline applicable at the time of the offense conduct can be considered during sentencing.  As stated by the court in Anderton:

> It is now well-settled in this circuit that the sentencing court should consider clarifying amendments when interpreting the guidelines, even when sentencing defendants convicted before the effective date of the amendments. Id. at 751.

Defendant's case is factually inapposite to the factual scenario encompassed by the Anderton holding.  At the time of Defendant's sentencing, Amendment (709) was not in existence and only became effective November 1, 2007, almost six months after Defendant was sentenced on June 8, 2007.  For the foregoing reasons and the reasons in the Order of January 23, 2008, the motion for reconsideration is denied.

ENTERED this __1st__ day of May, 2008.

                                        s/Joe B. McDade  
                                        JOE BILLY McDADE  
                                        United States District Judge